UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREAT LAKES INTELLECTUAL
PROPERTY LIMITED,

      Plaintiff,

vs.

SAKAR INTERNATIONAL, INC.,

      Defendant.
_____/

Civil Action No.
04-CV-608

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER ACCEPTING AND ADOPTING**
**MAGISTRATE JUDGE SCOVILLE'S REPORT AND RECOMMENDATION**

**and**

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE**

      This matter is presently before the court on defendant's motion to dismiss [docket entry 101]. The court referred the motion to Magistrate Judge Joseph G. Scoville, who recommends that the motion to dismiss be denied with conditions. Defendant has filed objections, to which plaintiff has filed a response in opposition. The court reviews *de novo* those portions of the report and recommendation to which a party has specifically objected. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). In addition, defendant has filed a motion [docket entry 152] to strike plaintiff's response as untimely, to which plaintiff has filed a response in opposition.

      The court has had an opportunity to review the voluminous motion papers, as well as defendant's objections and plaintiff's response. Magistrate Judge Scoville's analysis of the issues relating to plaintiff's standing is thorough, scholarly and accurate. He correctly rejects defendant's argument that plaintiff is a "bare licensee" (in which event plaintiff would have no standing and dismissal would be required) and plaintiff's argument that it possesses "all substantial rights" under

the license at issue (in which event plaintiff would have standing in its own right).  The magistrate judge correctly found that plaintiff occupies a position between these two, namely, that it is an "exclusive licensee" that has "co-plaintiff standing" with the patent holder.  The court rejects defendant's objections to this conclusion for the reasons explained in the report and recommendation.  The Federal Circuit authority on this issue is quite clear.

The court also agrees with Magistrate Judge Scoville's recommendation that plaintiff be required to join the patent holder, LMI Technologies, Inc., in order to remedy the standing defect.  Plaintiff has indicated its willingness to do so.  The magistrate judge cites several recent Federal Circuit cases for the proposition that in such circumstances the appropriate remedy is joinder of the absent patent holder, not dismissal of the complaint.  While defendant argues that dismissal is the proper remedy in this case, due to plaintiff's alleged bad faith in failing to acknowledge its status as an exclusive licensee (or, as defendant has argued, as a bare licensee), the court agrees with the magistrate judge that dismissal is not warranted.  The alleged prejudice suffered by defendant in missing the opportunity to depose the inventor during the discovery period can and will be remedied by reopening discovery.  The alleged Rule 11 violations should have been raised, if at all, by defendant in a motion filed under that rule.  And if, as defendant contends, it has incurred excessive litigation expenses due to plaintiff's misconduct, this issue may be raised at the end of the case, if defendant prevails, by seeking an award of costs and fees.  If such expenses are incurred due to misconduct during discovery, relief may be sought pursuant to Fed. R. Civ. P. 30(g) and 37.

Defendant's motion to strike plaintiff's response to defendant's objections to the report and recommendation is denied.  Plaintiff had ten business days plus three mailing days to respond to defendant's objections after being served.  *See* Fed. R. Civ. P. 6(e) and 72(b).  By the court's count, plaintiff's response was filed on the last day of this period.

Accordingly,

IT IS ORDERED that Magistrate Judge Scoville's Report and Recommendation is accepted and adopted as the findings and conclusions of the court.

IT IS FURTHER ORDERED that defendant's motion to dismiss is denied on the following conditions: (a) plaintiff must join LMI Technologies, Inc., as a party-plaintiff within ten (10) days of the date of this order; (b) discovery is reopened for forty-five (45) days, beginning on the date when LMI Technologies, Inc., is joined, for the limited purpose of allowing defendant to conduct discovery of LMI Technologies, Inc., and to permit defendant to depose Dr. Pastorius at a reasonable place of defendant's choosing; and (c) any party may file a motion for summary judgment within thirty (30) days after the close of discovery.

IT IS FURTHER ORDERED that the final pretrial conference in this matter will take place on March 17, 2008, at 1:00 PM.  Trial will commence on March 25, 2008, at 9:00 AM.

|  |  |
|---|---|
| Dated:  August 24, 2007<br>Detroit, Michigan | _s/Bernard A. Friedman_____<br>BERNARD A. FRIEDMAN<br>CHIEF UNITED STATES DISTRICT JUDGE<br>SITTING BY SPECIAL DESIGNATION |

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 24, 2007, by electronic and/or ordinary mail.

                         s/Carol Mullins_____
                         Case Manager