UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| GREAT LAKES INTELLECTUAL PROPERTY LIMITED, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| SAKAR INTERNATIONAL, INC., | ) ) |
| Defendant. | ) ) ) |

Case No. 1:04-cv-608

Honorable Janet T. Neff

**REPORT AND RECOMMENDATION**

This is an action for patent infringement. The case began with the filing of a complaint on September 10, 2004, charging defendant with infringement of six patents. Defendant filed an answer, denying the material allegations of the complaint, asserting numerous affirmative defenses, and pleading three counterclaims for a declaration of non-infringement, invalidity, and unenforceability. (Answer, docket # 5). By order entered September 27, 2007 (docket # 162), the court granted defendant leave to amend its answer in response to the addition of LMI Technologies, Inc. as a party plaintiff. Defendant filed an amended answer, which asserted a fourth and fifth counterclaim seeking the taxation of attorney's fees arising from plaintiffs' conduct in the prosecution of this case. (Amended Answer, docket # 165). Plaintiffs have moved to dismiss the fourth and fifth counterclaims on procedural grounds, as well as for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

District Judge Janet T. Neff has referred the motion to dismiss to me for the issuance of a report and recommendation. After reviewing the submissions of the parties, I conclude that defendant's fourth and fifth counterclaims, while somewhat unorthodox, are not procedurally or legally improper. I therefore recommend that the motion to dismiss be denied.

**Procedural Background**

Plaintiff initiated this action on September 10, 2004, alleging that defendant's optical computer mouse product infringes six patents covering various aspects of optical electrical measurement. The complaint alleged that plaintiff is the exclusive licensee of all right, title and interest in the six patents in suit. (Compl., ¶ 11). Defendant filed an answer to the complaint asserting, among other things, three counterclaims for a declaration of non-infringement, invalidity, and unenforceability. Among the relief requested in the original answer was an award of attorney's fees to defendant pursuant to 35 U.S.C. § 285. (Answer, docket # 5).

After the close of discovery, defendant moved to dismiss this action for lack of standing, asserting that plaintiff was a mere licensee under the patents in suit. After a hearing on the motion to dismiss, I issued a report and recommendation determining that plaintiff lacked standing to bring this infringement action in its own name and that the patent owner, LMI Technologies, Inc., is an indispensable party to the action. I further concluded that the punitive sanction of dismissal was not warranted under Federal Circuit authorities, and that the appropriate remedy would be an order requiring joinder of the patent holder as a party plaintiff. Finally, I concluded that defendant had been prejudiced by the failure to join an indispensable party, and that the prejudice had been somewhat compounded by the pleading error in plaintiff's complaint, but that the prejudice was

curable and did not justify dismissal of the action. (R&R, docket # 149). Defendant objected to the report and recommendation, arguing in favor of dismissal. By order entered August 24, 2007, Visiting Judge Bernard A. Friedman overruled defendant's objections and ordered the joinder of LMI Technologies as a party plaintiff. Pursuant to Judge Friedman's opinion, LMI was joined as a party on September 21, 2007. (docket # 160).

The addition of a party plaintiff required the court to examine the case schedule, with particular attention to the concern that defendant not be prejudiced. Consequently, a telephone scheduling conference was held on September 27, 2007, to determine what, if any, further proceedings were necessary in light of the addition of a new party. As a result of the telephone conference, the court entered an order opening discovery for limited purposes, allowing supplemental *Markman* briefing, and granting defendant leave "to file an amended answer, if so desired, in response to the addition of LMI Technologies, Inc. as party plaintiff." (Order, docket # 162).

On October 23, 2007, defendant filed an amended answer pursuant to the court's scheduling order. The amended answer reiterated the three counterclaims set forth in the original answer and added a fourth and fifth counterclaim. The fourth counterclaim was based upon plaintiffs' failure to join the patent holder as an indispensable party plaintiff and plaintiff's pleading error in claiming a greater interest in the patents in suit than it actually had. It seeks award of attorney's fees for allegedly inequitable and bad-faith litigation conduct pursuant to 35 U.S.C. § 285. The fifth counterclaim asserts that plaintiffs' complaint alleged infringement of over 100 claims in six patents, whereas plaintiffs ultimately proceeded on only four claims in two patents. Defendant

asserts that this was a sign of bad faith and seeks an award of attorney's fees pursuant to 35 U.S.C. § 285.

In response to the amended answer, plaintiffs filed a motion to dismiss the fourth and fifth counterclaims. (docket # 168). Plaintiffs' motion challenges the propriety of the fourth and fifth counterclaims on two essential grounds. First, plaintiffs assert that the counterclaims are untimely under the court's scheduling order. Second, plaintiffs argue that the fourth and fifth counterclaims "are, in fact, motions for attorney's fees and costs rather than cognizable counterclaims," and that they therefore fail to state a claim upon which relief can be granted. Defendant opposes the motion to dismiss.

## Discussion

### A.  Procedural Objection

Plaintiffs object to the new counterclaims on the ground of timeliness. They assert that the court's scheduling order of September 27, 2007, only allows defendant to file an amended answer and not to file any additional counterclaims. Plaintiffs' objection to the timeliness of the fourth and fifth counterclaims is not meritorious.

In reviewing a motion to dismiss on procedural grounds, the Federal Circuit applies the law of the regional circuit. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). The Sixth Circuit holds that, when a party wishes to amend a pleading after the time established in the original case management order, the party must satisfy both Rule 15 and Rule 16(b) of the Federal Rules of Civil Procedure. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). In other words, a party seeking to amend a pleading after the time set forth in the case

management order must justify its request by a showing of good cause, as well as satisfy the rather minimal standards of Rule 15(a) or 15(d). In the present case, although the time for amendment of pleadings under the original case management order had long expired, the court expressly granted defendant leave to file an amended answer in response to the addition of LMI Technologies as a party plaintiff. (Order at ¶ A, docket # 162). The purpose of this grant of leave was to prevent any further prejudice to defendant arising from plaintiffs' failure to join an indispensable party at the outset of the case. Defendant filed its amended answer within the time allowed. Consequently, plaintiffs cannot possibly prevail in their assertion that the counterclaim is somehow untimely.

Further, the counterclaim does not exceed the scope of the court's order. Plaintiffs make the purely semantic argument that the order allowed only an amended "answer" and not the assertion of any further "counterclaim." This argument is based upon a fundamental misapprehension of the Rules of Civil Procedure. Under Rule 7(a), the only "pleadings" are the complaint, the answer, a reply to a counterclaim, an answer to a crossclaim, a third-party complaint, and a third-party answer. The counterclaim, therefore, is not a separate pleading. Rather, as Rule 13(a) makes clear, a counterclaim is asserted only as part of another pleading. *See Bigelow v. RKO Radio Pictures*, 16 F.R.D. 15, 18 (N.D. Ill. 1954). Plaintiffs' argument is based upon the incorrect assumption that a counterclaim is a pleading separate from the answer, for which separate leave was necessary. In reality, the counterclaim is part of the answer. Consequently, when this court granted defendant leave to file an amended answer, that leave was broad enough to allow defendant to amend its admissions and denials, assert new affirmative defenses, and amend or expand its counterclaims, all of which are part of the "answer" under the Federal Rules.

**B.     Failure to State a Claim**

Plaintiffs also argue that the fourth and fifth counterclaims fail to state a claim upon which relief can be granted. As noted, both counterclaims seek relief under 35 U.S.C. § 285, which grants the district court authority in exceptional cases to award reasonable attorney's fees to the prevailing party in a patent case.

The Federal Circuit applies regional circuit law in reviewing motions to dismiss a claim under Rule 12(b)(6). *See Polymer Indus. Prod. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 937 (Fed. Cir. 2003). The Sixth Circuit holds that a complaint or counterclaim should not be dismissed under Rule 12(b)(6) unless the pleader fails to allege any set of facts which, if accepted as true, entitle it to relief. *Id.* The right of a prevailing party to seek an award of attorney's fees in a patent case is created by statute. 35 U.S.C. § 285. Counts four and five of the counterclaim allege facts which, if proven, could establish extraordinary circumstances within the meaning of section 285, thus entitling defendant to request the court to exercise its discretion to award fees. Plaintiffs have cited no authority undermining the legal validity of the additional counterclaims or calling into question defendant's right to proceed under section 285 if defendant prevails in this action. The fourth and fifth counterclaims therefore withstand scrutiny under traditional Rule 12(b)(6) analysis.

The essential dispute between the parties in this case is whether defendant's claim for attorney's fees under section 285 can be asserted only by motion and therefore is not the proper subject of a counterclaim. The Federal Circuit applies its own law to the issue of attorney's fees under section 285. *See Serio-U.S. Indus., Inc. v. Plastic Rec. Tech. Corp.*, 459 F.3d 1311, 1321 (Fed. Cir. 2006). Although the Federal Circuit has not spoken on the subject definitively, it appears that the method of asserting a claim for statutory attorney's fees under section 285 is optional with the

pleader. The Federal Circuit has remarked that section 285 "places no procedural limitations on the court's ability to make such an award provided that it has jurisdiction over the case." *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349 n.3 (Fed. Cir. 2005). To be sure, the traditional way of seeking an award of fees is by motion, and no case holds that such a claim must necessarily be asserted in a counterclaim. To the extent that the Federal Circuit has addressed the issue obliquely, it appears that the court does not object to the request for such relief in a formal counterclaim. "Regardless of patent ownership, it was not improper for Astechnologies to assert the counterclaims of unfair competition, tortious interference with business relations, and section 285 attorney's fees against HRT." *H.R. Technologies, Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1386 (Fed. Cir. 2002). At least one district court has squarely held that a claim for section 285 attorney's fees arising from allegedly bad faith litigation conduct may be asserted by formal counterclaim, and has rejected the notion that plaintiff is prejudiced thereby. *See In re Rivastigmine Patent Lit.*, 2007 WL 1589445 (S.D.N.Y. June 1, 2007).

As a practical matter, the resolution of defendant's motion to dismiss is utterly inconsequential to the substantial rights of the parties. Defendant will have the right to seek statutory attorney's fees under section 285 if it is the prevailing party and can demonstrate exceptional circumstances under Federal Circuit standards, whether defendant asserts the request in a formal counterclaim or by motion made at the end of the case. Dismissal of the fourth and fifth counterclaims therefore avails plaintiffs nothing. The maintenance of these counterclaims should not cause any confusion or prejudice at trial, because the issue of statutory attorney's fees is for the court, not the jury. *See Digeo, Inc. v. Audible, Inc.*, 505 F.3d 1362, 1366-67 (Fed. Cir. 2007); *Highway Equip. Co. v. FECO*, 469 F.3d 1027, 1032 (Fed. Cir. 2006); *Tate Access Floors, Inc. v.*

*Maxcess Tech., Inc.*, 222 F.3d 958 (Fed. Cir. 2000). Therefore, whether asserted by motion or counterclaim, defendant's request for fees will be heard in a separate proceeding, outside the presence of the jury, and only if defendant prevails.

### Recommended Disposition

I find that the fourth and fifth counterclaims are procedurally proper, that they state cognizable claims for the award of attorney's fees under 35 U.S.C. § 285, and that the assertion of these claims in a formal counterclaim is not forbidden by Federal Circuit authority. I therefore recommend that plaintiffs' motion for partial dismissal of the counterclaim be denied and that plaintiffs be ordered to file a reply to the amended counterclaim.

Dated:  December 14, 2007             /s/  Joseph G. Scoville
                                      United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).